Next case this morning is Harrisburg Electric v. Greg Knoob and Knoob Enterprises. We have Mr. Sanders for the appellant and Ms. Pierce for the athlete. And when you're prepared to begin, you may, Mr. Sanders. Thank you, Your Honor. My name is Alfred Sanders. I represent the appellant, defendant, Knoob Enterprises and Greg Knoob individually. This case was kind of interesting to hear the power of them because I've never done a small claim in the appellate court. To do another small case back-to-back is kind of what I do. This case involves actually some fairly interesting legal questions, possibly. What it was, was a company proclaiming to be a corporation filed suit against my client, both in his individual capacity and his corporate capacity. The individual capacity was based upon the plaintiff's belief that my client's corporation had been dissolved and that he was a successor in interest. When this thing went to trial, the plaintiff put a gentleman by the name of Robert G. Wilson on the witness stand. We started testifying for the plaintiff and upon cross-examination, I was able to reveal that Harrisburg Electric Inc. had been dissolved some ten years prior. Once that happened, I immediately moved for dismissal of the action for the failure to be a proper plaintiff. There was no entity in existence. Did you not know that prior to trial? We knew it about a week prior to trial, Your Honor. The reason I didn't file a 619 motion at that time is under the first search rules. The other side has ten days to respond anyway. So there was nothing to prevent plaintiff's counsel from simply waiting for trial day and filing this motion that he did in the middle of trial. So I have no reason to believe the outcome would have been any different. We were in the process of looking up one of the witnesses we were going to call at trial. We pulled up the papers to show that my client, the corporate client, was not in fact dissolved and in the process just punched in Harrisburg Electric Inc. and boom, there it was. It's like we had no flu either until about a week before trial. At that point, I realized we had pretty much the ultimate defense. I mean, there was no entity to sue us. So there was no need to burden other citizens and force my client to pay witness fees and mileage fees to come if there's nobody to sue you. The suit goes away. So once he admitted that yes, it had been dissolved, we submitted documents from the Secretary of State from their website showing in fact it had been dissolved in 1999. We asked the court to dismiss the case, at which point plaintiff's counsel asked to allow them to amend the complaint to show Robert J. Wilson as the true party interest. Our position was that this was totally blindsiding the defense. It totally changed what we needed to defend this case. You were trying to blindside them by waiting until testimony started to bring this up. I could have called a week before, Your Honor, and I certainly agree with that. But at that And the plaintiff's counsel was Robert C. Wilson, which was the witness's cousin. Who was Mr. Wilson representing when he made the motion? Because once it was established that the client that he had filed this on behalf of did not exist, he no longer has a client. I'm not sure he's entitled to make any substantive motions at that point other than a motion to dismiss. So when he made this motion, he could not have been making it on behalf of Harrisburg Electric Inc. because Harrisburg Electric Inc. didn't exist. If he made it on behalf of Robert J. Wilson, what was his standing to make a motion? Robert J. Wilson wasn't a party to the lawsuit. He was simply a witness in the case. How did it practically change your defense? How would it have? Well, for one thing, Your Honor, had Robert J. Wilson sued us, we would have been entitled at that point to file counterclaims due to the fact that the person had held themselves out to be someone other than who they were. Holding yourself out to be a corporation when in fact you're not is a violation of the Illinois Business Corporation Act. It's a violation of the Assumed Name Act, and it's probably a violation of December Fraud Act. These people weren't supposedly hired to come over and pick up trash. They were putting it electrically, which is a very dangerous thing. If you do it wrong, someone could be electrocuted, a fire could happen. What happens here is a question of insurance, and this is not in the record. This is what I'm saying. This could be concerns had it been Robert J. Wilson from the beginning. Did Robert J. Wilson have insurance? Because I know, quote, insurance companies don't issue insurance to corporations that don't exist. So by misrepresenting who in fact was there to do this work, it appears as though they were subcontractors. It brings up some interesting questions that had we known that Harrisburg Electric, Inc. did not exist and this case was filed, it would have been a different ballgame. Had Robert J. Wilson sued us in the beginning rather than Harrisburg Electric, Inc., there would have been some very interesting questions to come up and possibly even a countersuit for violation because it put my client at much greater risk by them doing business under an illegal name. There was no question that Harrisburg and they were doing business this way. Well, the issue here was did your client owe Harrisburg Electric money for the work that was performed on his property? He can't owe Harrisburg Electric, Inc. any money. Well, that was the issue, whether your client owed money or not, right? Your client was sued for money for services performed. Actually, he was sued for materials because according to the testimony, my client indicated that he hired a gentleman by the name of Jack Trustee to do the entire job. And the gentleman from Harrisburg Electric, Inc. admitted that Jack Trustee had turned around and hired them to do the labor. So there was definitely a connection between Jack Trustee, my client, and Mr. Wilson established in the case. What Mr. Wilson claimed was that my client had agreed to pay the materials directly to Harrisburg Electric, Inc. So the labor was not in question here. Okay, materials. It was about money, though, right? It was about money. And the problem that came at the end of it was they had clearly sued my client on the grounds they sued New Enterprises, Inc. In my opinion, they made the bill out to New Enterprises, Inc. Mr. Wilson testified he had done business with Mr. New before and had always been paid with a company check. Where the work was done was that the court gave judgment to a plaintiff against both New Enterprises, Inc. and Mr. New personally, which we filed a motion to reconsider saying how can he have a contract with both? And Judge Moore agreed with that, but then entered judgment against Mr. New personally rather than the corporation. And there was nothing in the record to indicate there was any personal liability. In fact, the plaintiff's own complaint clearly stated that they wanted liability against Mr. New as successor in interest to New Enterprises. We established the trial of New Enterprises as an active corporation in good standing. So how the court could come up with a personal liability against Mr. New was also kind of mind-boggling. All the evidence indicated that any deals that might have been struck were struck with the corporation. But their whole case based around on this idea of changing parties is based on their principle or their idea that this is a misnomer. This is not a misnomer. A misnomer would be spelling the name Smith with a Y instead of an I. It would be spelling Allen, A-L-L-E-N versus A-L-L-A-N. All these cases revolve around having the right person serve. You just get a typographic error, you misspell the name. One of the cases that's in my brief talks about Osmond Construction. They were sued as O-S-M-A-N-D when in fact there was no D on the end of their name. Who was sued? I mean, who was served in this case? Mr. New. So we're not The problem here isn't who the defendant was. The problem is if the misnomer doesn't apply when you've got a defendant, is there a misnomer here when it comes to naming the plaintiff? Most of these cases, all these cases that I've seen, we're talking about one letter somewhere. Everybody, the proper people were there. In this case, the entity that sued didn't even exist. How could a person look at the name Harrisburg and say, gee, I bet they really meant Robert G. Wilson? Robert G. Wilson never signed anything. He's not listed in the complaint. There's no verified complaint. The Secretary of State documents do not list him anywhere in those documents. So the first time we knew who Robert G. Wilson was was when he took the witness. We had no way of finding out because this was small claims. There was no discovery. So yes, we were completely blindsided at trial by a brand new person who, this was not a misnomer, not even remotely close. Who was the contractor that your client says he had hired to supply the materials and labor? Mr. Jack Tressy. Was he called as a witness? No, that was what I was doing on the Internet was trying to find Mr. Tressy to get a spade of him when I realized that Harrisburg and Lincoln King didn't exist. Did your client have a check or something to show that he paid the materials to Tressy? No, we didn't produce anything because like I said, at that point I realized there's nobody to sue us. But when the trial court said we're going to trial anyway, did you move to continue so you could try to cross-examination of Robert G. Wilson was when he admitted that the corporation didn't exist. So he got up and testified, you know, that yeah, I'd make these deals, I might do this and did that. And then when I cross-examined him, I said, we can do this under the name of Harrisburg Electric King. And he's like, sure. And he submitted invoices under that name. He was wearing a shirt in court. It said Harrisburg Electric King. So like I said, this is not remotely a misnomer because not only did they list it that way on the complaint, the complaint specifically says that Harrisburg Electric King is a Illinois corporation. So it's one thing when a lawyer or the lawyer's secretary or something mistypes a name, there's a small mistake, there's a typographical error. In this case, this is a situation where plaintiff's counsel's client or supposed client just gave him bad, incorrect and false information because there was no corporation from the very beginning. It was the amendment that was made was from Harrisburg Electric King as plaintiff to Robert G. Wilson doing business as Harrisburg Electric King, correct? That's a question. That's what Mr. Wilson states in his brief, but that's not what the record shows. It shows that it went from done in the trial. Was he operating under a DBA? He was operating as Harrisburg Electric King. But I mean, okay, so there was actually an incorporation. There was a corporate name on everything, but there was no corporation. Then he's operating as a DBA. I would say probably was. Improperly designated as an incorporation. And what about 2-407 then, entitled change of parties, nonjoinder and misjoinder of parties, change of parties. No action shall be dismissed for misjoinder of parties or dismissed for nonjoinder of necessary parties without first affording reasonable opportunity to add them as parties. New parties may be added and parties misjoined may be dropped by order of the court at any stage of the cause before or after judgment as the ends of justice may require. So why couldn't they add a joinder? That gets back to my original question. Who's going to do the joinder? Who is Mr. Wilson when he makes the motion? Who's he making the motion on behalf of? Because if Robert G. Wilson, in order for him to do this, it'd have to be some sort of a motion for intervention, an entry of appearance for a new potential party. None of that was ever done. Who is he representing when he makes the motion? Because the client he started out representing doesn't exist. So how could he make a motion on behalf of someone without their appearance to make a proper motion for intervention? I just don't follow that at all. I mean, Robert G. Wilson, on behalf of Harrisburg Electric, corporate, non-corporate, whatever, has the attorneys there to represent him in this lawsuit. He's there in open court. I mean, I don't understand what you're talking about that the attorney doesn't have anybody to represent. Because the party that he clearly started out representing that his plaintiff did not exist. So who is he left to represent? I'm not sure a lawyer has the ability to move for anything except dismissal at that point, because if you find out your client doesn't exist, what else are you left to do? He never entered an appearance on behalf of Robert G. Wilson. He entered an appearance on behalf of Harrisburg Electric. So who's he representing? They're clearly under the law. You cannot sue. If you sue a corporation or you sue an individual instead of a corporation, the law and the cases that I've cited say that is not a misnomer. That is a misidentity of parties. Those are separate, distinct legal individual parties. So you can't just say, well, I'm sorry, this is an individual, it's not a corporation, when you clearly identify the parties. But it wasn't a legal party. You're saying it's a separate, distinct legal party, but we found out, you found out, reality was it never was a legal entity. That's correct. But that's certainly where the defendant was led to believe, that we're dealing with a corporation here and someone's hiding in the shadows. That is exactly why we're here now. You're flip-flopping on us here because you're saying that you can't use the misnomer statute when you have separate, distinct legal entities. But with a mistake in the sense that this first entity never really existed or didn't exist at the time of the bringing of the lawsuit. So in that sense, it's a misnomer, isn't it? No, Your Honor. Basically what the law says, and there's numerous cases, if you sue something, say you sue a corporation and you find out the corporation doesn't exist, you have to then change your lawsuit. There's cases that say if you sue, say you sue a person that's dead and there's been an estate, you have to at least go in representing someone else and make a motion to change the defendant, which in that case the plaintiff is already there, and they can say I want to change who the defendant is. But in this case we're talking about the plaintiff. Does that make a difference? I think the same rule applies, but that's why it raises such an interesting question legally, because if I'm the plaintiff's attorney and I want to go in representing the same plaintiff. But isn't there a different rational basis for that if it's the defendant? That the defendant must have notice of the fact that he's being or she's being sued so that there's no prejudice? That's correct. I'm just having trouble. What if I find a suit from the United States of America and he's like I've never done business in the United States of America or I don't have any issues with the United States of America. Then they get to trial and they say no it's actually Jim Smith doing business in the United States of America. You're talking about the person who's suing you. Yes, you're right. Did your client owe somebody money for the materials? No. My client testified that he paid all the bills in this case. What this case smacked of was that possibly the person that my client hired may have not paid the entire bill and they blew their filing of the mechanics lien deadline so they used this as a way around it. That's what this whole case really had the smell of when we went into court. But they certainly, if they weren't paid, they had the right to file mechanics liens if they were a legitimate contractor. But then that raises the issue. If you had an illegal entity file a mechanics lien on this property, they would have had a real problem on their hands. It would not have been enforceable. When Robert G. Wilson was called and Exhibit A was admitted, it was the invoice of Harrisburg Electric, Inc. I'm sorry? When Robert G. Wilson was called. Yes, sir. Correct? Yes, sir. And Robert C. Wilson put into evidence Exhibit A, it was the invoice of Harrisburg Electric. Inc. Inc. Yes, sir. What did Robert G. Wilson testify regarding that invoice? Did he say it was the corporate bill? Yes, sir. He said this was the bill of Harrisburg Electric Inc. How was it revealed that there was no corporate entity? Did you raise it at that point? On cross-examination, I handed him the documents from the Secretary of State and asked him whether or not his corporation was a state of Illinois. And upon that further cross-examination, he admitted that the corporation had been dissolved back in 1999, that the person that we found on the Secretary of State documents listed as Robert Wilson. So if you had asked no questions and they had rested, they would be done, wouldn't they? Because it was on your cross-examination that they then moved to amend. When I exposed it to him, I immediately moved with the court to dismiss on the basis that the testimony could not sustain a cause any further since the plaintiff at that time did not exist. But I questioned him about the gentleman that his name was on the Secretary of State documents. He indicated that was his former partner and that that guy had been bought out back when they parted ways and the corporation had been dissolved. He just continued to do business under that corporate name for ten more years, even though he never registered for the Secretary of State. So I understand the arguments in favor of justice, but it seems like to me, because as I've pointed out in my brief, he's operating illegally. This rises to the level of doing this, rises to the level of criminal conduct and the rest, they cut it. So I have to go and say, because I failed to tell you that I was operating in an illegal and possible criminal manner, justice says you should allow me to do this in the middle of trial. I hope that's not what this court has decided justice is. My client should have had the opportunity to file a counter suit for violating these acts, and he was not. Thank you, Mr. Sanders. You'll have the opportunity to rebut Ms. Pierce. Good morning. My name is Jessica D. Pierce. I'm here on behalf of the defense counsel claims that he prepared to defend the corporation. He claims he had no prior notice that the claim was being made on behalf of an individual. In reality, Mr. knew that the defendant had a history of doing business with Robert G. Wilson. Paragraph 16 of the agreed statement of facts shows that he had done business with what he thought was Harrisburg Electric Incorporated through Wilson in the past. At all times relevant to this particular suit, Mr. knew he was dealing with Robert G. Wilson, who did business as Harrisburg Electric Incorporated. Did you know when you filed suit that Harrisburg Electric was a dissolved corporation? I was not a member of the firm at the time, but it's my understanding that the firm wasn't even aware that the business was no longer incorporated, that it had been dissolved. It's my understanding that Mr. Newman instructed Mr. Wilson regarding which fixtures specifically to purchase and install and agreed to pay Mr. Wilson for the materials. Whether Mr. Wilson provided those materials on behalf of Harrisburg Electric Incorporated or on behalf of himself doing business as Harrisburg Electric Incorporated doesn't change the fact that he provided the materials and deserves to be fairly compensated. The defendants have never disputed that the materials were provided by Robert G. Wilson. Mr. Newman owes him the money that he agreed to pay him, but now he attempts to take advantage of a defective pleading to avoid payment of that obligation. Mr. Wilson's amendment that the court allowed without abusing discretion did not change the facts that are the basis of the cause of action. There are a number of factors that the court looks at in terms of allowing an amendment, and they were discussed in detail in the briefs, but I'd like to point out that the most important question is whether the amendment will be in furtherance of justice. Mr. Newman's motion to dismiss and this appeal are an attempt to avoid the court's determination of the merits of the case. It would be a substantial injustice to allow Mr. Newman to receive the benefit of those materials without fairly compensating Mr. Wilson. What if Mr. Newman paid the contractor who didn't pay for the materials? We don't know that, do we? We don't know that, and had Mr. Newman continued and actually argued the merits of the case and presented the defendant that he knew would be required to defend any suit by anyone other than Mr. Trustee, if he had actually called him as a witness, we might have known whether he was paid. Thank you. Thank you. Thank you for your argument. Mr. Sanders, do you have a rebuttal? Your Honor, first of all, there's no evidence in the record that my client knew who Robert G. Wilson was. He admitted that he had done business with Harrisburg Electric, whether he talked to Robert G. Wilson, the Secretary of the Times, he had done that in the past, but the record does show that with regard to these allegations, my client clearly denied, and that's in the bystander's report, and my client denied that he had made any deals regarding this particular project with anyone other than Jack Trustee. There's a lot of things missing as far as the evidence to support a judgment at all, but the mere fact that Robert G. met, they exchanged business cards, according to Mr. Wilson, this was done over the telephone. He never said he identified himself, that he had ever identified himself, and I know from asking my client, the day the trial started, when the guy went to take the stand, I asked my client who that was. He said, I don't have a clue. Now you're telling us something that was just a conversation at council tables? That's certainly not part of any record or anything. There's nothing in the record to indicate that my client knew Robert G. Wilson. So while the assertions that were just made was that my client had made a deal with Robert G. Wilson, my client clearly denied that, and there is nothing to show that my client ever met with him. But I heard council say here that in the agreed statement of facts, it says that there was a history of business between Robert G. Wilson and your client. Is that right or wrong? It's not in the appendix. Newt justified as he Newt admitted that he had done business with what he through Wilson in the past. You just told us he didn't have any idea who he was. What he thought was Harrisburg Electric Inc. was apparently through Wilson. We're not saying that we ever met the man, but knowing we ever talked to the man, if Robert G. Wilson, according to the testimony, was the only person who had been running Harrisburg Electric Inc. for 10 years, and any business he did with this entity had to be through Robert G. Wilson. But there was no testimony that my client knew that at the time. He's simply talking to somebody that says, you know, this is Harrisburg Electric Inc. So, I mean, people do business that way all the time. I mean, I used to be a contractor. I mean, I might call staples or something and ask for something to be shipped over. I don't know who I'm talking to because I'm dealing with staples. So the mere fact that he may have called in the past and ordered something done doesn't mean that he understands who owns this company, who's responsible for this company. Different companies have different sales people. So even if he knew Wilson, it doesn't mean that he knew Wilson owned this entity. Well, he knew Wilson if he had known Wilson. Wilson may have been a salesperson for this company. There's nothing on record to show that he knew what this connection was or that this man would come back and say, you owe me money. And had he known that, he would have been in a position to file other counterfeits. By the time we found out who this was and that there was no Harrisburg Electric Inc. to do business with, our time for doing anything was gone. And certainly the plaintiff was in a much better position to know who the proper parties were. They seemed to take the time to investigate or had reason to believe that Nuke Enterprises was dissolved. They did not bother to check what their own status was. I mean, certainly they were in a much better position to know that than we were. And yet we managed to learn it a week before trial without discovery. So when we talk about justice, I think they have a duty to name the right plaintiffs before they drag somebody into court. Thank you. Thank you, Mr. Sanders. Ms. Pierce will take the matter under advisement, render ruling in due course.